IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBORAH POUTRE,　　　　　　　　　　　　　　　Civil No. 05-499-AA
　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER
　　　　Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

　　　　Defendant.
_____

Tim Wilborn
Wilborn & Associates, P.C.
2020-C SW 8th Ave., PMB #294
West Linn, OR 97068
　　　Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neal J. Evans

Page 1 - OPINION AND ORDER

Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

Daphne Banay
Special Assistant United States Attorney
Social Security Administration
701 5th Ave., Suite 2900 M/S 901
Seattle, WA 98104-7075
      Attorneys for defendant

AIKEN, Judge:

Claimant, Deborah Poutre, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Social Security Commissioner's final decision. The Commissioner denied plaintiff's claim for Social Security disability insurance benefits pursuant to 42 U.S.C. § 423. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

PROCEDURAL BACKGROUND

Plaintiff filed her application for Title II disability insurance benefits on September 26, 2001. Tr. 45-47. Following administrative proceedings and a hearing before the administrative law judge (ALJ), the ALJ issued a decision finding plaintiff "not disabled." Tr. 10-19.

Plaintiff timely requested review by the Appeals Council. Tr. 8. In a letter dated February 18, 2005, the Appeals Council declined plaintiff's request for review, thereby making the ALJ's December 15, 2003, decision the final order of the Commissioner. Tr. 4-5. Plaintiff now seeks review of the Commissioner's final

order.

## STATEMENT OF THE FACTS

Born in February 1959, plaintiff is a "younger person" for all relevant purposes. Tr. 4-5. She has a high school education and two years of college education that resulted in her receiving a medical assistant certificate. Tr. 57, 273-74. Her past relevant work has been as a medical assistant. Tr. 65-71, 294. Plaintiff alleges disability beginning August 24, 2001, based on a combination of impairments, including cervical spine degenerative disc disease, migraine and tension headaches, fibromyalgia, and major depression. Pl.'s Opening Brief, p. 2.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 301 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423 (d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.

In the first step, the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. 140; 20 C.F.R. §§ 404.1520 (b), 416.920 (b).

In the second step, the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920 (c). If not, the claimant is not disabled.

In the third step, the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledged are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520 (d), 416.920(d). If so, the claimant is conclusively presumed

disabled; if not, the Secretary proceeds to the fourth step. Yuckert, 482 U.S. at 141.

In the fourth step, the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520 (e), 416.920 (e). If the claimant can perform past relevant work, she is not considered disabled. If she cannot perform past relevant work, the burden shifts to the Secretary.

In the fifth and final step, the Secretary must establish that the claimant can perform other work. Yuckert, 492 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920 (e) & (f). If the Secretary meets this burden and proves the claimant is able to perform other work existing in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

DISCUSSION

1. The ALJ's Findings

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the onset date of her alleged disability. Tr. 14, 18, Finding 2. At step two, the ALJ found that plaintiff's fibromyalgia and headaches were severe impairments. Tr. 15. At step three, the ALJ found that Plaintiff's fibromyalgia and headaches were not severe. Tr. 18.

Relying on the opinions of non-examining physicians, the ALJ found that plaintiff has the following residual functional

Page 5 - OPINION AND ORDER

capacity:

> The claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently, stand and walk 6 hours out of an 8-hour day, sit 6 hours out of an 8-hour day, could not climb ladders, ropes, or scaffolds, and should avoid concentrated exposure to noise and moderate exposure to hazards.

Tr. 17, 18, Finding 7; see 20 C.F.R. §§ 404.1520(e), 404.1545.

At step four, the ALJ found that plaintiff was able to perform her past relevant work as a medical assistant. Tr. 17. Because the ALJ found that plaintiff could perform her past relevant work, he did not make a formal finding whether she could perform other work existing in significant numbers in the national economy. Tr. 17-18; see 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

2. Plaintiff's Assertions of Error

A. ALJ's Rejection of Dr. Lees' Opinions

Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing reasons." Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). Further, "clear and convincing" reasons are required to reject the treating doctor's ultimate conclusions. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). However, if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.

Page 6 - OPINION AND ORDER

1995); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Here, because Dr. Lees' opinion is contradicted by those of the state agency consultants, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Lees' opinion. Id.; Tr. 17.

Plaintiff's treating physician, Dr. Lees, assessed plaintiff's functional capacity as follows:

> [T]he claimant is able to sit 1 to 2 hours out of an 8-hour day. She can walk up to 1/2 hour at a time and up to 1/2 hour out of an 8-hour day. She can occasionally lift 20 pounds. She can do no frequent lifting. She can occasionally bend and reach above shoulder level. She would likely miss more than 4 days of work per month (Exhibit 13F).

Tr. 17.

Further, in his Physical Capacities Evaluation of plaintiff, Dr. Lees wrote that plaintiff was "completely incapacitated" with "chronic migraine headaches, fibromyalgia, and muscle spasms that ha[ve] "made it difficult [for plaintiff] to perform activities of daily living." Tr. 269. In addition, Dr. Lees indicated that based on his knowledge of plaintiff's condition, she would likely miss more than four days of work per month. Tr. 269.

The ALJ accorded Dr. Lees' opinion little weight. Tr. 17. The ALJ stated that Dr. Lees' opinion "is based entirely on the claimant's self-report of symptoms," and plaintiff's "subjective complaints are not supported by her daily functioning." Tr. 17.

I disagree and note that Dr. Lees provided extensive records of plaintiff's many medical visits, including diagnoses and treatment of plaintiff's impairments. Tr. 246-269; Pl's Reply and Opp'n to Def's Mem. in Supp. of Remand, p. 3. Further, the record does not support the ALJ's finding that plaintiff's "subjective complaints are not supported by her daily functioning." Tr. 17. Although the ALJ refers to specific activities performed by plaintiff, when the record is read in its entirety, I find support for plaintiff's description of her limited activities of daily living. I therefore disagree with the ALJ's finding that plaintiff generally maintains an active lifestyle inconsistent with the limitations provided by Dr. Lees.

The ALJ characterizes plaintiff as riding motorcycles on long trips, traveling extensively, and belly dancing; however, the record reflects that plaintiff is limited in her ability to engage in any of these activities. For instance, plaintiff states that when she rides on the back of her husband's motorcycle, she has "to stop about every 20 minutes or so." Tr. 292-93. Further, plaintiff's headaches significantly impede her ability to travel. Plaintiff stated that she has "ended up in the emergency room several times" when she has gone to the beach with family, and she has had "to stay an extra night because I – my headaches are so intense, I can't ride home." Tr. 293.

Plaintiff's ability to exercise is similarly limited. When

Page 8 - OPINION AND ORDER

the ALJ asked, "What are you doing [for] exercise on a regular basis[?]  That's one of the main things fibromyalgia people are supposed to do," plaintiff replied, "I have a belly dancing video that I do, it's gentle stretches and some low impact cardio." Tr. 289.  Plaintiff elaborated that she only exercises to the video for fifteen minutes a day, twice a week.  Tr. 289.  Indeed, such limited activity corroborates rather than contradicts plaintiff's subjective complaints and limitations described by Dr. Lees.

Thus, I find that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Lees' opinions.  Therefore, the court will credit those opinions as a matter of law.  Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

B. Credibility of Plaintiff's Testimony

Once a claimant produces objective medical evidence of an underlying impairment or combination of impairments that could reasonably be expected to produce some degree of pain or other symptoms, and there is no affirmative evidence suggesting the claimant is malingering, the ALJ may reject claimant's testimony regarding the severity of the alleged pain or other symptoms only by offering specific, clear, and convincing reasons for doing so. Smolen, 80 F.3d at 1281-84; Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc)(once plaintiff produces medical

Page 9 - OPINION AND ORDER


evidence of underlying impairment, ALJ may not discredit her testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence).

    I find that the ALJ rejected plaintiff's testimony without providing specific, clear, and convincing reasons for doing so. <u>Smolen</u>, 80 F.3d at 1281. The ALJ rejected plaintiff's testimony on the grounds that her "active lifestyle is not consistent with her allegations of debilitating pain and headaches." Tr. 16. However, the ALJ's rejection of plaintiff's testimony is based upon a narrow reading of the record and a mischaracterization of plaintiff's testimony. If the record and plaintiff's testimony are considered in full, it reveals that plaintiff's activities are severely curtailed by her physical limitations, and her level of activity is not inconsistent with her claimed limitations. Notably, although the ALJ referenced plaintiff's motorcycles rides, past travels, and modest attempts at exercise (belly dancing video), the ALJ failed to address plaintiff's difficulties in performing these activities. Tr. 289, 292-293. Because an ALJ must consider the entire case record in determining credibility, the ALJ's rejection of plaintiff's testimony is unacceptable. <u>See</u> SSR 96-7p, <u>available at</u> 1996 WL 374186, *1; <u>see also</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ may reject claimant's credibility based on claimant's level of activity only if level of activity

inconsistent with claimed limitations).

The record indicates that plaintiff suffers from migraine headaches and fibromyalgia. Tr. 269. Further, these diagnoses and plaintiff's efforts to find relief from these ailments are documented in lengthy and detailed medical records, which stand as strong objective medical evidence. Tr. 246-267. Moreover, there is no evidence showing that plaintiff is malingering or exhibiting drug seeking behavior. In fact, Dr. Nilaver stated that plaintiff "does not manifest malingering or drug seeking behavior." Tr. 146. Nevertheless, the ALJ rejected plaintiff's subjective complaints as not entirely credible in light of the treatment record. Tr. 16.

In sum, I find that plaintiff's testimony should be accepted as true because it was improperly rejected by the ALJ. Varney v. Sec'y of Health and Human Servs. (Varney II), 859 F.2d 1396, 1401 (9th Cir. 1988). Accepting plaintiff's testimony as true establishes that plaintiff is unable to sustain any level of work activity, including past relevant work. Therefore, pursuant to Social Security Ruling 96-8p, plaintiff is found to be "disabled" based on her inability to sustain substantial gainful activity.

C. ALJ Improperly Excluded Limitations from RFC Finding

If an ALJ excludes a plaintiff's limitations from the hypothetical, he or she must set forth specific and legitimate reasons for doing so. Embrey, 849 F.2d at 422-23. Further,

Page 11 - OPINION AND ORDER

limitations must be included in the hypothetical in order for the vocational expert's (VE) testimony to provide evidentiary value. Id.  Thus, "a vocational expert's testimony cannot constitute substantial evidence to support an ALJ's determination as to a claimant's disability status unless it accurately reflects all of the claimant's limitations, including pain." Cooper v. Sullivan, 880 F.2d 1152, 1158, n. 13 (9th Cir. 1989)(quoting Varney v. Sec'y of Health and Human Servs. (Varney I), 846 F.2d 581, 585 (9th Cir. 1988)).

Here, the ALJ improperly excluded the limitations caused by plaintiff's migraine headaches from his RFC finding.  Plaintiff testified that her pain is exacerbated by any movement, and her headaches require her to lie down in a dark room.  Tr. 73-75. Nevertheless, the ALJ found that it was sufficient for plaintiff to restrict her activity level to light exertion and avoid climbing ladders, ropes, and scaffolds, and also to avoid concentrated exposure to noise and moderate exposure to hazards. Tr. 18, Finding 7.  The ALJ's findings and statements demonstrate that he failed to account for the impact plaintiff's migraines have on her ability to work.

Therefore, I find that because the ALJ posed a hypothetical to the VE in which the ALJ failed to set out all of plaintiff's limitations and restrictions, including pain and inability to engage in certain activities, the VE's opinion that plaintiff is

Page 12 - OPINION AND ORDER

capable of work has no evidentiary value. Russell v. Sullivan, 930 F.2d 1443, 1455 (9th Cir. 1991); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

## CONCLUSION

The Ninth Circuit has held that it is appropriate to credit evidence and remand for an award of benefits where the following elements are satisfied:

> 1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, 2) there are no outstanding issues that must be resolved before a determination of disability can be made, and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d at 1292 (citing Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989) (crediting treating physician's uncontroverted testimony and awarding benefits)); Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1981) (crediting subjective symptom testimony and awarding benefits).

Here, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Lees' opinion and plaintiff's testimony. When Dr. Lees' opinion and plaintiff's testimony are credited as true, there are no outstanding issues to preclude an award of benefits. It is clear from the record that the ALJ would be required to find the claimant disabled were the evidence properly credited.[1]

---

[1] Note the ALJ's comment that "I am not going to ask the hypothetical given in the physical capacity evaluation by Dr. Lee[s], as I do not found [find] it's supported by objective medical evidence. And further, if I was to accept it, this person would not be able to work a full-time job." Tr. 297-98.

Page 13 - OPINION AND ORDER

In conclusion, I find that plaintiff is disabled, and I reverse and remand for payment of benefits.

IT IS SO ORDERED.

Dated this  19  day of July 2006.


                                         /s/ Ann Aiken
                                            Ann Aiken
                                   United States District Court